# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

DAVID B. WHITE,
　　　　　Appellant,

v.

DEPARTMENT OF VETERANS
　　AFFAIRS,
　　　　　Agency.

DOCKET NUMBER
DA-3330-15-0044-C-1

DATE: June 20, 2016

# THIS ORDER IS NONPRECEDENTIAL[1]

David B. White, San Antonio, Texas, pro se.

Jeffrey Lee Linhart and Thomas Herpin, Esquire, Houston, Texas,
　　for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1　　The appellant has filed a petition for review of the compliance initial decision, finding the agency in compliance with the April 13, 2015 initial decision by the administrative judge ordering corrective action, which became the

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

final decision of the Board in MSPB Docket No. DA-3330-15-0044-I-1,[2] and dismissing the petition for enforcement as moot. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the compliance initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2      The appellant, a preference eligible, timely applied for the positions of full-time and part-time Housekeeping Aid, both of which were open only to preference-eligible veterans. *White v. Department of Veterans Affairs*, MSPB Docket No. DA-4324-15-0045-I-1, Initial Appeal File (0045 IAF), Tab 5, Subtabs 4d, 4f, 4*l*-4m. In June 2014, the agency informed the appellant that he was ineligible to be considered for both positions because he did not meet the requirements of the "Who May Apply" section listed in the vacancy announcements. 0045 IAF, Subtab 4a at 2, Subtab 4c at 2. The appellant submitted proof of his eligibility. 0045 IAF, Tab 5, Subtab 4b at 2. However, due to a possible "administrative oversight," the Human Resources (HR)

_____

[2] For purposes of adjudication, the administrative judge joined MSPB Docket Nos. DA-3330-15-0044-I-1 and DA-4324-15-0045-I-1. The April 13, 2015 initial decision listed only MSPB Docket No. DA-4324-15-0045-I-1 in the case caption but also applied to MSPB Docket No. DA-4324-15-0044-I-1.

Specialist did not change the appellant's eligibility status and the agency did not consider or select the appellant for either position. 0045 IAF, Tab 20, Hearing Compact Disc (testimony of the HR Specialist).

¶3     After exhausting his administrative remedy with the Department of Labor, the appellant filed an appeal with the Board alleging Uniformed Services Employment and Reemployment Rights Act (USERRA) and Veterans Employment Opportunities Act (VEOA) violations based on the agency's failure to consider him for the part-time and full-time Housekeeping Aid positions.[3] 0045 IAF, Tab 1 at 3, 5. After holding a hearing, the administrative judge issued an initial decision finding that the agency had violated the appellant's veterans' preference rights under VEOA and ordering the agency to reconstruct the selection process for both the full-time and part-time positions.[4] *White v. Department of Veterans Affairs*, MSPB Docket No. DA-4324-15-0045-I-1, Initial Decision (Apr. 13, 2015). The initial decision constitutes the Board's final decision in the VEOA appeal.[5]

¶4     The appellant filed a petition for enforcement in the VEOA appeal, arguing that the agency failed to comply with the Board's order to reconstruct the hiring

---

[2] The regional office docketed the claims separately as a USERRA appeal (MSPB Docket No. DA-4324-15-0045-I-1) and a VEOA appeal (MSPB Docket No. DA-3330-15-0044-I-1). *See* 0045 IAF, Tab 2.

[3] The administrative judge dismissed the USERRA claim for lack of jurisdiction or, in the alternative, for failure to establish a USERRA violation. *White v. Department of Veterans Affairs*, MSPB Docket No. DA-4324-15-0045-I-1, Initial Decision at 11-12 (Apr. 13, 2015).

[4] The appellant filed a petition for review of the initial decision challenging only the administrative judge's findings regarding his USERRA claim. MSPB Docket No. DA-4324-15-0045-I-1, Petition for Review File, Tab 1. The Board severed the USERRA and VEOA appeals to allow the administrative judge's order of corrective action in the VEOA appeal to proceed independently from the USERRA appeal. *White v. Department of Veterans Affairs*, MSPB Docket No. DA-4324-15-0045-I-1, Final Order at n.2 (Sept. 17, 2015). Regarding the appellant's USERRA claim, the Board affirmed the initial decision as modified to find the appellant established jurisdiction over his USERRA appeal but that he failed to prove a USERRA violation. *Id.*, ¶¶ 6, 11.

process, and filed motions for back pay, benefits, and liquidated damages pursuant to 5 U.S.C. § 3330c(a). Compliance File (CF), Tabs 1-3. The agency submitted proof that it had offered both positions to the appellant in April 2015 but that, as of October 14, 2015, the appellant had not accepted the two firm job offers or responded to the HR Specialist's follow-up emails and calls. CF, Tab 6 at 7, 9-35. The appellant responded that the agency's job offers were not in compliance with the Board's order because the agency "was wrong in not hiring [him] from the start or [sic] chance to compete and now want [him] to take less than full relief." CF, Tab 7 at 3. The administrative judge ordered the agency to submit evidence showing that it reconstructed the hiring process as ordered. CF, Tab 8 at 3. The agency ultimately conceded that, but for its violation of the appellant's veterans' preference rights, he would have been selected for the positions and appeared to contend that it had complied with the Board's order of corrective action by offering him both positions. CF, Tab 14 at 3.

¶5      In the compliance initial decision, the administrative judge found that the agency had not reconstructed the selection process as ordered, but concluded that the agency was in material compliance with the Board's instructions because it had conceded that, but for its violation of his veterans' preference rights, the appellant would have been entitled to the positions at issue and offered him appointment to both positions. CF, Tab 16, Compliance Initial Decision (CID) at 3-4. Having found that the agency was in material compliance, the administrative judge dismissed the petition for enforcement as moot. CID at 4. The administrative judge stated that, insofar as the appellant claimed that he was entitled to lost wages, benefits, or liquidated damages based on the willfulness of the agency's actions, he should file a damages motion with the Dallas Regional Office. CID at 3-4.

¶6      On February 5, 2016, the appellant filed motions for back pay, benefits, and liquidated damages with the regional office. *White v. Department of Veterans Affairs*, MSPB Docket No. DA-3330-15-0044-P-1, Damages File (DF), Tabs 1-2,

4. Thereafter, the appellant filed a petition for review of the compliance initial decision, which is now before us. Compliance Petition for Review (CPFR) File, Tab 1. On March 16, 2016, the administrative judge dismissed the appellant's damages motion without prejudice to refiling pending a final decision on the appellant's petition for review in this compliance matter. DF, Tab 6.

¶7 In his compliance petition for review, the appellant argues that the petition for enforcement is not moot because he has not received all of the relief that he could have received if the matter had been adjudicated and he had prevailed. CPFR File, Tab 1 at 4. Specifically, the appellant asserts that he is entitled to retroactive appointment, lost wages, benefits, and liquidated damages. *Id.* The agency has not submitted a response.

¶8 Generally, the proper remedy for veterans' preference violations is to order the agency to comply with the violated statutory provision by reconstructing the hiring process for the position in question. *See, e.g.*, *Dean v. Department of Agriculture*, 99 M.S.P.R. 533, ¶¶ 44-46 (2005). Where, as here, the agency admits that it would have selected the appellant for the position but for its veterans' preference violation, the appropriate remedy is for the agency to offer him the same, or a substantially equivalent, position. *Marshall v. Department of Health & Human Services*, 587 F.3d 1310, 1317-18 (Fed. Cir. 2009). Although the appellant argues that he is entitled to additional compensation, he does not dispute that the agency has offered him both the part-time and full-time Housekeeping Aid positions that he would have been offered but for the agency's veterans' preference violation. CPFR File, Tab 1; *see* CF, Tab 6 at 7, 9-35. Accordingly, we agree with the administrative judge that the agency is in material compliance with the ordered corrective action because it has admitted that, but for its veterans' preference violation, the appellant would have been selected for the full-time and part-time Housekeeping Aid positions, and it has extended firm offers for both positions to the appellant. CID at 3.

¶9        Under section 3330c(a), the appellant also is entitled to receive compensation for any loss of wages or benefits suffered by reason of the agency's veterans' preference rights violation and, if the violation is found to be willful, to liquidated damages. 5 U.S.C. § 3330c(a). As noted above, the appellant has filed motions for these damages with the regional office, DF, Tabs 1-2, 4, which were docketed and initially dismissed without prejudice by the administrative judge but automatically refiled on June 10, 2016. MSPB Docket Nos. DA-3330-15-0044-P-1 and DA-3330-15-0044-P-2. Because we deny the petition for review and affirm the compliance initial decision, which is now the final decision of the Board, the appellant's request for lost wages, benefits, and liquidated damages is now properly before the regional office.[6]

### NOTICE TO THE APPELLANT REGARDING
### YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and

---

[6] The administrative judge's dismissal without prejudice to refiling in the damages appeal mentions only that the appellant has filed a motion for liquidated damages. DF, Tab 5 at 1-2. However, in the refiled damages appeal, the administrative judge should consider the appellant's requests for back pay, benefits, and liquidated damages arising from the agency's veterans' preference violation pursuant to 5 U.S.C. § 3330c(a). *See* DF, Tabs 1-2, 4.

that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right. It is found in title 5 of the U.S. Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the U.S. Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD: _____
William D. Spencer
Clerk of the Board

Washington, D.C.